IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS RASHAAD ATWATER, | : | 1:11-cv-2043 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| OFFICER GABRIEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### March 7, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 16), filed on February 10, 2012, which recommends that the claims in this action be dismissed without prejudice to Plaintiff filing two separate complaints, addressing the separate claims he has against Defendants Officer Gabriel and Officer Bolden.  Further, Magistrate Judge Carlson recommends that the complaint be dismissed with prejudice as against Defendant Prime Care Health, based on Plaintiff's failure to state a claim upon which relief may be granted.  Finally, Magistrate Judge Carlson recommends that Plaintiff's demand for a specific amount of unliquidated damages should be stricken from the complaint.  The Plaintiff has failed to file objections to the R&R

1

and the time to do so has lapsed.[1]  For the reasons set forth below, the Court will adopt the R&R.

## I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

---

[1] Objections were due by February 27, 2012.

and the time to do so has lapsed.[1]  For the reasons set forth below, the Court will adopt the R&R.

## I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

---

[1] Objections were due by February 27, 2012.

## II. DISCUSSION

*Pro se* Plaintiff Lewis Rashaad Atwater ("Plaintiff" or "Atwater"), is a prisoner housed in the York County Prison, who first commenced this action on November 2, 2011 by filing a complaint. (Doc. 1). Atwater's initial complaint was dismissed with instructions that Atwater submit an amended complaint, articulating his claims with greater clarity and precision. (Doc. 6). On December 23, 2011, Atwater filed an amended complaint, naming two individual Defendants, Officer Gabriel and Officer Bolden. The amended complaint also lists an institutional Defendant, Prime Care Health.[2]

Atwater's amended complaint contains two disparate factual recitals. First, Atwater states facts describing an episode in June of 2011 in which he alleges that Officer Gabriel assaulted him during a prisoner transport. In addition, Atwater's amended complaint describes an earlier incident which allegedly occurred on or about November 20, 2009, in which Atwater claimed that Officer Bolden used excessive force while transporting the Plaintiff, who was recovering from a serious arm injury, from one cell to another. Atwater's amended complaint contains no specific factual averments against Defendant Prime Care Health, beyond listing the company in the caption and identifying it as the health care provider at the prison,

---

[2] Prime Care Health was not listed as a Defendant in Atwater's original complaint.

and asserting generally that some unidentified medical personnel were indifferent to the Plaintiff's medical concerns. Atwater seeks compensatory damages in the amount of $100,000 and punitive damages of $5,000 from each Defendant. Plaintiff has also sought leave to proceed *in forma pauperis*.[3]

In the instant R&R, Magistrate Judge Carlson undertakes a review of the amended complaint. He initially finds that the allegations set forth in the amended complaint as to Defendants Gabriel and Bolden appear at first blush sufficient to permit these claims to proceed. However, Magistrate Judge Carlson finds that the claims are improperly joined into a single complaint, in violation of Federal Rule of Civil Procedure 20(a)(2),[4] and thus recommends that the claims be dismissed without prejudice to Atwater filing two separate complaints, addressing these two separate incidents. Magistrate Judge Carlson also recommends that the claim against Prime Care Health be dismissed with prejudice because Atwater's amended

---

[3] Plaintiff actually filed two separate *in forma pauperis* motions, thus we shall grant one and dismiss one as moot. Further, because we are dismissing this case without prejudice to the Plaintiff filing two new separate actions, we shall vacate the administrative order that permits the filing fee to be deducted from the Plaintiff's inmate account, and the request to proceed *in forma pauperis* shall only be granted for the purposes of filing this action.

[4] Rule 20 sates:
Person[s] . . . may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

complaint merely names Prime Care Health and does not provide any specific allegations against the health care provider, thus fails to state a claim upon which relief can be granted. Finally, the Magistrate Judge also recommends that Atwater's demand for a specific amount of unliquidated damages be stricken because it is improper under Local Rule 8.1.

At the outset, we note that we agree entirely with Magistrate Judge Carlson that Plaintiff's claims against Defendants Gabriel and Bolden are sufficiently pled such that they would ordinarily not warrant dismissal individually. But that does not end the analysis, because the amended complaint conflates two entirely different and unrelated incidents, involving different correctional officers, which occurred some 18 months apart. Atwater's efforts to join these wholly unrelated matters in a single amended complaint plainly violate the rules governing joinder of claims in civil litigation set forth in F.R.C.P. 20. Notably, pursuant to Rule 20, multiple defendants may be joined in an action if the right to relief asserted against them arises *out of the same transaction, occurrence, or series of transactions or occurrences.* F.R.C.P. 20(a) (emphasis added). Accordingly, we shall adopt Magistrate Judge Carlson's recommendation that the amended complaint be dismissed without prejudice to the Plaintiff to re-file the claims in two separate matters.

Next, with respect to the claims against Defendant Prime Care Health, we agree with Magistrate Judge Carlson that Plaintiff has failed to articulate an appropriate Eighth Amendment claim of deliberate indifference to serious medical needs against this corporate Defendant.  Plaintiffs asserting Eighth Amendment deliberate indifference claims must meet an exacting burden.[5]  Further, when a prisoner seeks to hold a corporate health care provider like Prime Care Health civilly responsible for medical care provided by other, unnamed parties, simply because the company may have employed some of these unnamed individuals, other legal considerations apply.  To be sure, to state a constitutional tort claim, a plaintiff must show that a supervisory defendant, which Prime Care Health is considered, actively deprived him of a right secured by the Constitution.  *See Morse v. Lower Merion School Dist.*, 132 F. 3d 902 (3d Cir. 1997); *see also Maine v. Thiboutot*, 448 U.S. 1 (1980).  Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the

---

[5] A plaintiff asserting such a claim must "meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(quotation marks and citations omitted).  In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health and safety." *Id*.  "Deliberate indifference" is a subjective standard under *Farmer* - the prison official - defendant must actually have known or been aware of the excessive risk to inmate safety.  *Beers-Capitol v. Whetzel*, 256 F. 3d 120, 125 (3d. Cir. 2001).

challenged practice. *Robinson v. City of Pittsburgh*, 120 F. 3d 1286 (3d Cir. 1997). Here, Atwater has made *no* specific allegations against Prime Care Health, nor has he identified or pled any corporate policy, practice or custom that would have caused any alleged constitutional violations. Accordingly, we agree with Magistrate Judge Carlson that Plaintiff has failed to state a claim against Prime Care Health.

Finally, we note that we agree with Magistrate Judge Carlson that Atwater's demand for a specific amount of unliquidated damages is improper pursuant to Local Rule 8.1, which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed. R. Civ. P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed. R. Civ. P. 8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Thus, Atwater's prayer for relief, which requests a specific money amount of $100,000, is improper and the specific monetary amount shall be dismissed without prejudice to the Plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence. Accordingly, the request shall be stricken.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.